NOT FOR PUBLICATION

FILED

UNITED STATES COURT OF APPEALS

JUN 13 2019

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| JAIME IGNACIO ESTRADA,<br><br>Petitioner-Appellant,<br><br>v.<br><br>MARTIN BITER, Warden,<br><br>Respondent-Appellee. | No. 18-15267<br><br>D.C. No.<br>1:14-cv-00679-DAD-EPG<br><br>MEMORANDUM[*] |

Appeal from the United States District Court
for the Eastern District of California
Dale A. Drozd, District Judge, Presiding

Submitted June 10, 2019[**]
San Francisco, California

Before: SCHROEDER and M. SMITH, Circuit Judges, and RAYES,[***] District Judge.

Petitioner Jaime Estrada appeals the district court's denial of his petition for

a writ of habeas corpus, arguing that the district court erred in finding that

---

[*]       This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]      The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

[***]     The Honorable Douglas L. Rayes, United States District Judge for the District of Arizona, sitting by designation.

Petitioner failed to establish an off-the-record nineteen-year plea offer was made to trial counsel and erred in denying his ineffective assistance of counsel (IAC) claim. We have jurisdiction pursuant to 18 U.S.C. § 1291, and we affirm.

1. Before we address the merits, the State challenges whether the district court properly concluded that deference under 28 U.S.C. § 2254(d) did not apply. As relevant here, the Antiterrorism and Effective Death Penalty Act of 1996 bars religitation of any claim adjudicated on the merits by the state court unless a petitioner can show that the state court adjudication "resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d). While the state court purported to adjudicate Petitioner's IAC claim that trial counsel failed to communicate an off-the-record *nineteen-year* plea offer, it unreasonably applied the facts from a separate IAC claim that trial counsel failed to advise Petitioner to accept an *eight-year* plea offer in its analysis. The state court order makes clear that the court erroneously substituted the relevant facts and made no determination as to the nineteen-year plea offer claim. Thus, the district court appropriately adjudicated the claim de novo.

2. While we agree that "counsel has the duty to communicate formal offers from the prosecution to accept a plea on terms and conditions that may be favorable to the accused," *Missouri v. Frye*, 566 U.S. 134, 145 (2012), the district

court did not clearly err when it found that Petitioner failed to show that an off-the-record nineteen-year plea offer was communicated to his counsel, but not to him. "A finding of fact is clearly erroneous only where it is '(1) illogical, (2) implausible, or (3) without support in inferences that may be drawn from the facts in the record.'" *United States v. Christensen*, 828 F.3d 763, 779 (9th Cir. 2015) (quoting *United States v. Pineda-Doval*, 692 F.3d 942, 944 (9th Cir. 2012)).

Instead, much of the evidence supports the theory that the plea offer was made at the August 17, 1995 evidentiary hearing with Petitioner present, and that the offer was rejected. First, the August 16, 1995 memorandum, where district attorney Donald Stahl tentatively approved a plea offer, still noted outstanding questions as to the effect of Petitioner's Merced convictions. This suggests that without resolution of these questions, the district attorney was not prepared to offer a plea. Second, the turnaround document prepared concurrently with the hearing stipulated a nineteen-year plea offer calculation. Third, the court's minute order reflects that the parties discussed a plea offer, though they debate its precise terms. Finally, deputy district attorney Charles McKenna's August 17, 1995 green memorandum confirmed that the ambiguity of the Merced convictions' effect was not resolved until the hearing.

Because the district court did not clearly err in finding that the nineteen-year plea offer was made while Petitioner was present, we hold, on de novo review, that

Petitioner's IAC claim fails because he cannot show his counsel rendered deficient performance. *Strickland v. Washington*, 466 U.S. 668, 687 (1984) (to establish an IAC claim, the defendant must show (1) deficient performance by counsel and (2) prejudice to the defense).

**AFFIRMED.**